FILED
2010 FEB 10 PM 3:46
CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

ORIGINAL

Joseph C. Faucher, SBN: 137353
joefaucher@reish.com
**REISH & REICHER**
11755 Wilshire Boulevard, 10th Floor
Los Angeles, CA 90025-1539
Telephone Number: (310) 478-5656
Facsimile Number: (310) 478-5831

Attorneys for Defendant, FIDELITY EMPLOYER SERVICES COMPANY LLC, erroneously sued as FIDELITY INVESTMENTS

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MADELEINE PALMER, an individual<br>Plaintiff,<br>vs.<br>FIDELITY INVESTMENTS, a business entity of unknown form; and DOES 1 through 25, inclusive<br>Defendants. | CASE NO.: '10 CV 0332 BEN NLS<br>**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)** |

FAXED

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, FIDELITY EMPLOYER SERVICES COMPANY LLC, erroneously sued as FIDELITY INVESTMENTS (hereinafter "Defendant" or "Fidelity") hereby removes to this Court the state court action described below:

1. On or about September 11, 2009, an action was commenced in the Superior Court of the State of California in and for the County of San Diego, East County Division, entitled <u>MADELEINE PALMER v. FIDELITY INVESTMENTS, a business entity of unknown form; and DOES 1 through 25, Inclusive,</u>" Case

Number 37-2009-00069173-CL-CO-EC (hereinafter "the State Court Action"). A full, true and correct copy of the Summons, Civil Case Cover Sheet and the Complaint in the State Court Action are attached hereto as Exhibit "1." A full, true and correct copy of the Court's Notice of Case Assignment, Notice To Litigants/ADR Information Package and Stipulation to Alternative Dispute Resolution Process (blank form) are attached hereto as Exhibit "2." Defendant is informed and believes that other than those documents, no other documents have been filed or served in the State Court Action.

2. The first date upon which Fidelity received a copy of the complaint in the State Court Action was January 13, 2010, when Fidelity was served with a copy of said Complaint and accompanying Summons.

3. Plaintiff's claims are claims for benefits under, and otherwise relate to the administration of an employee pension benefit plan sponsored by AT&T, Inc., and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. Therefore, Plaintiff's claims arise under and are completely preempted by ERISA. *See*, e.g., *Metropolitan Life Insurance Company v. Taylor* (1987) 481 U.S. 58. Plaintiff's claims therefore implicate this Court's federal question jurisdiction under 28 U.S.C. §1331, and may be removed to this Court pursuant to 28 U.S.C. §1441(b).

4. This Notice of Removal is filed within 30 days of the date on which the first-served Defendants were served with the Complaint in the State Court Action.

5. In paragraph 3 of the Complaint in the State Court Action, Plaintiff identifies California Coast Credit Union as a "Defendant." However, that entity is not named in the caption of the Complaint, no charging allegations are set forth against it in the Complaint, and Fidelity is informed and believes that the reference to that entity in the Complaint is in error. Accordingly, Fidelity is informed and believes that it is the only Defendant against whom Plaintiff presently

intends to bring any claim. Fidelity has no information to indicate that California Credit Union has been served with the Complaint in the State Court Action.

6. To the best of the Removing Defendants' knowledge, there are no cases presently pending in this Court which relate to the State Court Action which is the subject of this Notice of Removal of Action.

February 10, 2010

REISH & REICHER

By: ______________________________
JOSEPH C. FAUCHER
Attorneys for Defendant, FIDELITY EMPLOYER SERVICES COMPANY LLC, erroneously sued as FIDELITY INVESTMENTS

**EXHIBIT 1**

TO NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION)

SUM 100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2009 SEP 11 PM 3:55
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
FIDELITY INVESTMENTS, a business entity of unknown form: and DOES 1 through 25, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
MADELEINE PALMER, an individual

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court, East County
250 East Main Street
El Cajon, CA 92020

CASE NUMBER: *(Número del Caso):* 37-2009-00069173-CL-CO-EC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eugene P. Yale, Esq. (619) 220-8790
YALE & BAUMGARTEN, LLP, 5030 Camino de la Siesta, Suite 308, San Diego, CA 92108

DATE *(Fecha)* SEP 11 2009 Clerk, by *(Secretario)* T. DETTLOFF, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Fidelity Investments, a business entity of unknown form
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify)*: Business Form Unknown
4. ☒ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

01/13/2010 15:18 FAX 6176921715 FIDELITY LEGAL 002/009

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Eugene P. Yale, Esq. SBN 83048
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta, Suite 308 San Diego, CA 92108
TELEPHONE NO: (619) 220-8790 FAX NO.: (619) 220-0369
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

2009 SEP 11 PM 3:55
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 250 East Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: El Cajon, CA 92020
BRANCH NAME: East County

CASE NAME: Palmer v. Fidelity Investments

## CIVIL CASE COVER SHEET

☐ Unlimited (Amount demanded exceeds $25,000)
☑ Limited (Amount demanded is $25,000 or less)

Complex Case Designation
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2009-00069173-CL-CO-EC
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☑ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. ☐ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (*specify*): 1
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: September 11, 2009
Eugene P. Yale
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.





PAGE 2/9 * RCVD AT 1/13/2010 3:16:54 PM [Eastern Standard Time] * SVR:FAXBOSFM02WIN/3 * DNIS:5989797 * CSID:6176921715 * DURATION (mm-ss):01-42

Eugene P. Yale, SBN 83048
David W. Baumgarten, Esq. SBN 179574
Suzanne M. Yale, Esq. SBN 260107
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta, Ste. 308
San Diego, California 92108
Tel: (619) 220-8790
Fax: (619) 220-0369

Attorneys for Plaintiff

2009 SEP 11 PM 3:55
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO, EAST COUNTY DIVISION**

| | |
|---|---|
| MADELEINE PALMER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY INVESTMENTS, a business entity of unknown form; and DOES 1 through 25, inclusive.<br><br>Defendants. | CASE NO. 37-2009-00069173-CL-[illegible]O-EC<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>[JURY TRIAL DEMANDED] |

COMES NOW, the plaintiff, Madeleine Palmer, as and for causes of action against the defendants, and each of them, alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, Madeleine Palmer, is and at all times mentioned herein was an individual residing in the State of California, County of San Diego.

2. Plaintiff is informed and believes and thereon alleges that the defendant, Fidelity Investments ("Fidelity"), is and at all times mentioned herein was a business entity of unknown form, authorized to do business and doing business in the County of San Diego, State of California as an



PAGE 3/9 * RCVD AT 1/13/2010 3:16:54 PM [Eastern Standard Time] * SVR:FAXBOSFM02WIN/3 * DNIS:5989797 * CSID:6176921715 * DURATION (mm-ss):01-42

investment management company. Plaintiff is informed and believes and thereon alleges that Fidelity administered her former husband's AT&T Pension Benefit Plan.

3. Plaintiff is informed and believes and thereon alleges that the defendant, California Coast Credit Union, is and at all times mentioned herein was a business entity of unknown form, authorized to do business and doing business in the County of San Diego, State of California as a financial institution.

4. Plaintiff is informed and believes and thereon alleges that Does 1 through 25 inclusive, whether individual, corporate, associate, or otherwise, are the fictitious names of the defendants whose true names and capacities are unknown to the plaintiff at this time. Plaintiff is informed and believes and thereon alleges that at all times mentioned each of the defendants sued herein as a Doe was the agent, servant, and employee of his or her co-defendant, and in doing the things alleged was acting in the scope of his or her authority as such agent, servant, and employee, and with the permission and consent of his or her co-defendants, whether an agent, corporation, association, or otherwise, is in someway liable or responsible to the plaintiff on the facts alleged herein, and proximately caused injuries and damages thereby. At such time as the defendants' true names and identities become known to the plaintiff, the plaintiff will ask leave of the court to amend the complaint to add said true names and capacities.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, the defendants, including Does, and each of them, were acting as agents, servants, and employees of each other, and were acting within the scope of their employment, with the full knowledge and consent, either express or implied of each of the other named defendants.

6. Pursuant to the divorce decree with her former husband, the plaintiff received monthly payments from Fidelity out of her former husband's AT&T Pension Benefit Plan until his death in May, 2006..

7. In or around August, 2006, the plaintiff began receiving additional payments from Fidelity. In an effort to ensure that she was entitled to these additional payments, the plaintiff called Fidelity to verify her receipt of the payments. Plaintiff was informed by Fidelity that she was entitled to receive the additional benefits.



PAGE 4/9 * RCVD AT 1/13/2010 3:16:54 PM [Eastern Standard Time] * SVR:FAXBOSFM02WIN/3 * DNIS:5989797 * CSID:6176921715 * DURATION (mm-ss):01-42

8. On or about September 11. 2008. the plaintiff received a letter from Fidelity which indicated that she was not. in fact. eligible to receive the additional benefits under her husband's pension plan. The letter demanded that plaintiff return the entire amount of the alleged overpayment.

9. The plaintiff attempted to resolve the matter with Fidelity. but was unable to do so.

10. Plaintiff is informed and believes that Fidelity has since commenced professional debt collection against the plaintiff to recover the alleged overpayment.

**FIRST CAUSE OF ACTION**

**(For Declaratory Relief)**

11. The plaintiffs reallege and incorporate by reference paragraphs 1 through 10 of the complaint as though fully set forth at this point.

12. An actual controversy has arisen, and now exists between the parties concerning their respective rights and obligations under the AT&T Pension Benefit Plan managed by Fidelity.

13. The plaintiff desires a judicial determination of her rights under the AT&T Pension Benefit Plan, and a declaration that Madeleine Palmer is entitled to the benefits she received from Fidelity following her former husband's death

14. A judicial declaration is necessary and appropriate to determine the rights and obligations of the parties, including but not limited to the plaintiff's right to receive the additional benefits she received from Fidelity following her former husband's death.

WHEREFORE, the plaintiff prays for judgment against the defendants, and each of them. as follows:

1. For a declaratory judgment that Madeleine Palmer is entitled to the benefits she received from Fidelity following her former husband's death:
2. For costs of suit incurred herein: and
3. For such other and further relief as this court may deem just and proper.

DATED: September 11, 2009

YALE & BAUMGARTEN, LLP

Eugene P. Yale, Attorneys for Plaintiff

**EXHIBIT 2**

TO NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION)

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS: 250 East Main Street<br>MAILING ADDRESS: 250 East Main Street<br>CITY AND ZIP CODE: El Cajon, CA 92020<br>BRANCH NAME: East County<br>TELEPHONE NUMBER: (619) 456-4286 | |
| PLAINTIFF(S) / PETITIONER(S): Madelaine Palmer | |
| DEFENDANT(S) / RESPONDENT(S): Fidelity Investments | |
| PALMER VS. FIDELITY INVESTMENTS | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2009-00069173-CL-CO-EC |

Judge: Eddie C Sturgeon

Department: E-14

**COMPLAINT/PETITION FILED:** 09/11/2009

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2009-00069173-CL-CO-EC CASE TITLE: Palmer vs. Fidelity Investments

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts tc negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference be ɔre the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may pri ıately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference pri ır to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court systerr including private binding arbitration, private early neutral evaluation or private judging at any time by completing t ıe "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also ıtilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Ac . These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA provic ɔrs, please contact the County's DRPA program office at (619) 593-4530.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please cc ntact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact th independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR ɔptions and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 250 East Main Street<br>MAILING ADDRESS: 250 East Main Street<br>CITY, STATE, & ZIP CODE: El Cajon, CA 92020-3941<br>BRANCH NAME: East County | |
| PLAINTIFF(S): Madeleine Palmer | |
| DEFENDANT(S): Fidelity Investments | |
| SHORT TITLE: PALMER VS. FIDELITY INVESTMENTS | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)** | CASE NUMBER: 37-2009-00069173-CL-CO-E C |

Judge: Eddie C Sturgeon

Department: E-14

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference with Private Neutral
- ☐ Court-Ordered Nonbinding Arbitration
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☐ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☐ Private Binding Arbitration
- ☐ Other (specify): ______________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) ______________________

______________________

______________________

Alternate: (mediation & arbitration only) ______________________

Date: ______________________

Date: ______________________

______________________
Name of Plaintiff

______________________
Name of Defendant

______________________
Signature

______________________
Signature

______________________
Name of Plaintiff's Attorney

______________________
Name of Defendant's Attorney

______________________
Signature

______________________
Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 09/11/2009

______________________
JUDGE OF THE SUPERIOR COURT

**PROOF OF SERVICE**

I, CESAR M. IBANEZ, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within Action; my business address is 11755 Wilshire Boulevard, 10th Floor, Los Angeles, California 90025.

On February 10, 2010, I served the document(s) described as NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION) on the parties in this Action:

Eugene P. Yale, Esq.
David W. Baumgarten, Esq.
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta, Suite 308
San Diego, California 92108
Tel: (619) 220-8790
Fax: (619) 220-0369

*Attorneys for Plaintiffs*

☒ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐ [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal] I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 10, 2010, at Los Angeles, California.

CESAR M. IBANEZ ______________________

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

2010 FEB 10 PM 3:46

'10 CV 0332 BEN NLS

SOUTHERN DISTRICT OF CALIFORNIA

BY DEPUTY

ORIGINAL

**I. (a) PLAINTIFFS**

MADELEINE PALMER, an individual

**DEFENDANTS**

FIDELITY EMPLOYER SERVICES COMPANY, LLC, erroneously sued as "FIDELITY INVESTMENTS"

(b) County of Residence of First Listed Plaintiff San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Suffolk County (MA)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Yale & Baumgarten, LLP
5030 Camino de la Siesta, Ste 308
San Diego, California 92108
Tel: (619) 220-8790

Attorneys (If Known)
Reish & Reicher
11755 Wilshire Blvd., 10th Floor
Los Angeles, California 90025
Tel: (310) 478-5656

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motion to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
29 U.S.C. §1001, et seq. (ERISA)

Brief description of cause:
Declaratory Relief

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** ☐ CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ________ DOCKET NUMBER ________

DATE
February 10, 2010

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 10087 AMOUNT $350 APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

RB 02-10-10

CSDJS44

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney tiling a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When tlie petition for removal is granted, check this box.

Remanded &om Appellate Court. (3) Check this box for cases remanded to thedistrict court for hrther action. Use the date of remand as the lilitlg date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal tiom a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. 111 this space enter the dollar amount (in thousands ofdollars) being demanded or indicate other demand sucli as a preliminary injunclion.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**PROOF OF SERVICE**

I, CESAR M. IBANEZ, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within Action; my business address is 11755 Wilshire Boulevard, 10th Floor, Los Angeles, California 90025.

On February 10, 2010, I served the document(s) described as CIVIL CASE COVER SHEET on the parties in this Action:

Eugene P. Yale, Esq.
David W. Baumgarten, Esq.
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta, Suite 308
San Diego, California 92108
Tel: (619) 220-8790
Fax: (619) 220-0369

*Attorneys for Plaintiffs*

☒ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐ [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal] I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 10, 2010, at Los Angeles, California.

CESAR M. IBANEZ

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS010087
Cashier ID: mbain
Transaction Date: 02/10/2010
Payer Name: SAN DIEGO LEGAL SUPPORT SVCS

---

CIVIL FILING FEE
For: PALMER V FIDELITY EMPLOYER
Case/Party: D-CAS-3-10-CV-000332-001
Amount: $350.00

---

CHECK
Check/Money Order Num: 86764
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

There will be a fee of $45.00
charged for any returned check.